IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ANGEL VAZQUEZ PORTILLO<br>8757 Georgia Avenue<br>Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFF,<br><br>v.<br><br>WISEY'S # 1, LLC<br>1440 Wisconsin Avenue, NW<br>Washington, DC 20007<br><br>    SERVE:<br>    ROYAL SERVICE<br>    COMPANY, INC.<br>    5335 Wisconsin Avenue<br>    Suite 440<br>    Washington, DC 20015<br><br>STEVE AWADALLAH<br>1440 Wisconsin Avenue, NW<br>Washington, DC 20007<br><br>-and-<br><br>NABEEL AUDEH<br>3407 R Street, NW<br>Washington, DC 20007<br><br>    DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*            Case No. 18-1176 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

Plaintiff Jose Angel Vasquez Portillo ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Wisey's #1, LLC ("Wisey's"), Steve Awadallah ("Awadallah"), and Nabeel Audeh ("Audeh") (together, "Defendants") for violations of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the

D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Wisey's is a Limited Liability Company formed under the laws of the District of Columbia.

4. At all times relevant to this action, Audeh owned, operated, and managed Wisey's. In this capacity, Audeh controlled all day-to-day operations of the restaurant, had the power to hire, fire, and discipline employees, set Plaintiff's work hours and his rate and method of pay, and was in charge of keeping and maintaining all employee records.

5. At all times relevant to this action, Awadallah operated and managed Wisey's. In this capacity, Awadallah controlled all day-to-day operations of the restaurant, had the power to hire, fire, and discipline employees, set Plaintiff's work hours and his rate and method of pay, and was in charge of keeping and maintaining all employee records.

6. At all times relevant, Defendants operated continuously as an eatery in the District of Columbia.

7. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

8. At all times Defendants used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

9. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10. At all times, Plaintiff and at least two other employees of Defendants were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

11. Pursuant to the foregoing, at all times, Defendants qualified as Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

12. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Plaintiff was employed by Defendants to prepare sandwiches at Wisey's in Washington, DC for the period of about June 7, 2015 until about December 18, 2017.

14. Throughout his employment, Defendants paid Plaintiff at an hourly rate at or near the applicable District of Columbia minimum wage.

15. Plaintiff worked approximately forty-four (44) hours per week from roughly June 7, 2015 until roughly July 31, 2017; and worked approximately forty-seven (47) hours per week from roughly August 1, 2017 until roughly December 18, 2017.

16. At all times during Plaintiff's employment, Defendants had actual knowledge of all

hours Plaintiff worked and instructed or suffered or permitted Plaintiff to work all hours alleged in this action.

17. Throughout Plaintiff's employment, Defendants paid Plaintiff at his regular hourly rate for all hours Plaintiff worked each week including overtime hours worked over forty (40) per week.

18. At no time during Plaintiff's employment did Defendants ever pay Plaintiff at one-and-one-half times (1.5x) his regular rate for the hours he worked over forty (40) each week.

19. At all times during Plaintiff's employment, Defendants had actual knowledge of the Federal and District of Columbia wage payment and overtime laws.

20. At all times during Plaintiff's employment, Defendants had actual knowledge that their failure to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for the hours he worked over forty (40) per week was in direct violation of the District of Columbia and Federal overtime laws.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

21. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

22. The FLSA required Defendants to pay Plaintiff for overtime hours at the rate of one-and-one-half times (1.5x) Plaintiff's regular rate.

23. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the FLSA time-and-one-half payment requirements.

24. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

25. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

26. The DCMWA required Defendants to pay Plaintiff for overtime hours at the rate of one-and-one-half times (1.5x) Plaintiff's regular rate.

27. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the DCMWA time-and-one-half requirements.

28. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

29. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

30. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

31. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

32. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

33. Defendants owe Plaintiff wages for work duties performed as set forth above.

34. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

35. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*[signature]*

Gregg C. Greenberg, Bar No. MD17291
Anthony G. Bizien, Bar No. MD0051
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
ggreenberg@zagfirm.com
abizien@zagfirm.com

*Counsel for Plaintiff*